Cail *vs.* Brookfield.

but it is equally regardful of the rights of defendants, and, for their benefit, it binds him to abide his election, when once made, until the suit is determined, except in cases where the process is not served, or not served in time to bind the defendant to appear at the term to which it is returnable; in which case, the plaintiff, by virtue of the statute, may discontinue as to those not served or not served in time, and proceed against those who are bound to appear; or, he may continue the suit until the next term of the court, and take new process against those not served; but, at the second term, the suit shall proceed against all the defendants who may have been served with process in due time. *Rev. St. Ark.* 626, *sec.* 45, 46, 47. We are, therefore, clearly of the opinion, that neither the common law nor statute authorized the plaintiff to proceed, in this case, against Beebe, after it was discontinued as to Woodruff and Crutchfield, without his consent, the suit thereupon, by the mere operation of law, being immediately out of court, and discontinued as to all of the defendants.

Judgment reversed.*

---

*Upon the question of *discontinuance*, in this case, LACY, J., did not assent to the opinion, as he subsequently declared.

---

## CAIL *vs.* BROOKFIELD.

In petition and summons, on a note bearing ten per cent. interest, it is only necessary to set out the note, and to aver that the debt remains unpaid, and to demand judgment for the debt, damages, and costs. It is not necessary specially to negative the payment of the interest.

THIS was debt by petition, determined in the Phillips Circuit Court, in November, 1841, before the Hon. ISAAC BAKER, one of the circuit judges. The petition set out a bond, executed by Cail, bearing ten per cent. interest, and followed the statute, by alleging that the *debt*

remained unpaid, and demanding debt, damages, and costs. After oyer craved and granted, judgment by *nil dicit.* Cail brought error.

*Ashley & Watkins,* for the plaintiffs in error. The declaration or petition does not negative the payment of the interest, and the judgment is not warranted by the prayer of the petition or the breach. This court has decided the same point, in several cases. We apprehend the statute which authorizes the action of debt by petition and summons, meant to confine the operation of it to simple cases of debt, where the damages followed, as a legal consequence of the detention. At any rate, the statute does not mean to dispense with that reasonable degree of certainty which the law requires in all pleadings. It would be singular, if a party, by declaring in petition and summons, could defeat another statutory provision, which, in effect, makes the rate of interest, when specified, a *part of the contract;* and, in construing that statute, this court has decided that the party who seeks to recover such stipulated rate of interest, must declare for it, and negative its non-payment, according to the terms of the contract. This objection, if fatal on general demurrer, is equally so in arrest of judgment, or on error.

*By the Court,* DICKINSON, J. The petition sets forth the writing obligatory in the manner prescribed by the statute, and the judgment for interest conforms to the contract.

Judgment affirmed.

---

McNABB *vs.* THE BANK OF THE STATE.

HELD, that it is not necessary, in the return on a writ, to state *where* it was executed.